UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA, :
:
:
-against- : **SUMMARY ORDER**
: 07-cr-866 (S-1) (DLI)
:
ANTONIO JONES, *pro se*, :
:
:
Defendant. :
------------------------------------------------------------ x
ANTONIO JONES, *pro se*, :
:
Petitioner, :
: **SUMMARY ORDER**
: 12-cv-3423 (DLI)
-against- :
:
:
UNITED STATES OF AMERICA, :
:
:
Respondent. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

On December 5, 2008, defendant Antonio Jones ("Defendant") pled guilty pursuant to a plea agreement to the crime of sex trafficking of a child in violation of 18 U.S.C. § 1591 under Count Four of the Superseding Indictment in *United States v. Jones*, 07-cr-866 (E.D.N.Y.) ("Criminal Action"). (*See* Superseding Indictment, Criminal Action Dkt. Entry 13; Guilty Plea, Criminal Action Dkt. Entry 22.) On January 22, 2010, this court sentenced Defendant to 151 months' imprisonment. (*See* Judgment, Criminal Action Dkt. Entry 30.)

On July 2, 2012, Defendant *pro se* filed a motion for "Relief from Judgment or Order," invoking Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (*See* Def.'s Mot., Criminal

Action Dkt. Entry 33.)[1]  Defendant claimed that the court improperly applied enhancements under the United States Sentencing Guidelines for using a computer to communicate with a minor victim and for unduly influencing a minor.  (*See id.* at 9-15.)  Defendant also asserted that he was denied effective assistance of counsel during the Criminal Action.  (*See id.* at 10-11, 15-20.)

The court construed the motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"), and directed the Clerk of the Court to open a civil habeas corpus action, *Jones v. United States*, 07-cv-3423 (E.D.N.Y.) ("Habeas Action").  (*See* July 11, 2012 Criminal Action Order.)  At the government's request, the court subsequently cautioned Defendant that, if the court construed the motion as a habeas corpus petition, he may be barred from filing subsequent petitions pursuant to 28 U.S.C. § 2255(h), and granted Defendant leave to withdraw his motion or file an amended habeas corpus petition to include all claims he wishes to bring under Section 2255.  (Sept. 18, 2012 Habeas Action Order); *see also Adams v. United States*, 155 F. 3d 582, 584 (2d Cir. 1998) (per curiam) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so

---

[1] In reviewing Defendant's submissions, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation and quotation marks omitted).  Accordingly, the court interprets Defendant's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted).

recharacterized."); *accord Castro v. United States*, 540 U.S. 375, 377 (2003) (adopting same rule).

Defendant responded by objecting to the court's construction of his motion as a habeas corpus petition and stated that he wants to proceed pursuant to Rule 60(b). (Def.'s Resp., Habeas Action Dkt. Entry 11, at 1-2.) Therefore, because Defendant does not consent to have his motion construed as a habeas corpus petition, the Habeas Action is dismissed without prejudice to Defendant's right to file any future petition for habeas corpus. *See Saldana v. United States*, 2008 WL 4406358, at *2 (D. Conn. Sept. 23, 2008) ("Because the petitioner has not agreed to the re-characterization of the petition as a section 2255 motion and has not informed the court that she seeks to withdraw the petition, the petition is dismissed without prejudice."). As Defendant has requested, the court construes his submission as a "Motion for Relief from Judgment or Order" in the Criminal Action pursuant to Rule 60(b).

Defendant's motion for Rule 60(b) relief is denied. The Federal Rules of Civil Procedure "govern the procedure in all *civil* actions and proceedings in the United States district courts." Fed. R. Civ. P. 1 (emphasis added). Defendant challenges a judgment in a criminal proceeding. Therefore, the Federal Rules of Civil Procedure, including Rule 60(b), afford him no basis for relief.

In support of his assertion that Rule 60(b) applies here, Defendant cites to *Gonzalez v. Crosby*, 545 U.S. 524 (2005). (*See* Def.'s Resp. 2.) In *Gonzalez*, the Supreme Court held that petitioners can seek relief from a judgment in a 28 U.S.C. § 2254 habeas corpus proceeding under Rule 60(b) when the motion "does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538. Similarly, the Second Circuit has explained that relief under Rule 60(b) is available in a Section 2255 habeas corpus proceeding "only when the Rule 60(b) motion

3

attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F. 3d 74, 77 (2d Cir. 2004). Here, Defendant directly seeks to undo his guilty plea and attacks his sentence in the underlying Criminal Action. Defendant does not challenge the integrity of a previous habeas corpus proceeding. Indeed, the court is not aware that Defendant has filed any previous habeas corpus petitions challenging any aspect of the Criminal Action. Thus, Defendant's Rule 60(b) motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Relief from Judgment or Order pursuant to Rule 60(b) is denied. In addition, the Habeas Action is dismissed without prejudice. Defendant is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
_____, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge